CUTRER, Judge.
Central Acceptance Corporation, Inc. (CAC) sued James McCrory for the balance on a past due installment note. The trial judge found that CAC financed a purchase of equipment by McCrory and that McCrory was liable for the accelerated balance of the past due note. McCrory appealed and we affirm.
The facts in this case are relatively uncomplicated.
Mr. Huey Hale was in the automobile repair business and owned certain equipment on which CAC held a chattel mortgage. Hale experienced financial difficulties and sold his equipment to McCrory. CAC financed McCrory’s purchase of Hale’s equipment and, in addition to McCrory’s note, also took a chattel mortgage on the equipment. McCrory made one payment on the note sued upon and is currently in default on the now accelerated balance.
The only issue raised at trial and on this appeal is whether McCrory purchased the equipment from CAC, as opposed to Hale, or whether CAC merely financed McCrory’s purchase from Hale. The trial judge found that the sale of the equipment was from Hale to McCrory with CAC financing the transaction. The facts support the trial judge’s conclusion.
When Hale went into the automobile repair business, he financed the purchase of certain equipment through CAC. When *1088 Hale began to suffer business setbacks, CAC, through its president, William A. Gibson, II, sought to find a buyer for Hale’s equipment on which CAC held a mortgage. McCrory, who was also in the automobile repair business, was approached by Gibson concerning the possibility of McCrory buying Hale’s equipment. CAC offered to finance this transaction. Gibson stated very frankly that at the time of the transaction CAC would rather have had McCrory’s note than Hale’s note. CAC had never made any attempt to foreclose on its mortgage with Hale and never took the equipment into its possession.
On June 25, 1980, McCrory and Hale met with Gibson at CAC’s office. On that day McCrory signed two notes to CAC; one note was for $1,500.00 and the other was for $5,000.00. Each note was payable in 60 monthly installments. CAC wrote a check to Hale for $5,000.00. This amount represented the proceeds of the loan to McCrory. Hale endorsed this check over to CAC and these funds were credited to Hale’s indebtedness to CAC.
By October 1980, McCrory was delinquent on both of his notes to CAC. CAC filed suit against McCrory on October 1, 1980, seeking to collect on its notes. At that time McCrory had a Small Business Administration (SBA) loan application pending. According to McCrory, he was afraid his SBA loan would not be approved if there were any suits pending against him so he forwarded a check to CAC for $4,200.00. McCrory did not designate which debt was being paid by this check. CAC applied part of the proceeds of the $4,200.00 check to the $1,500.00 loan, paying off that loan, and the remainder of the proceeds were credited to the $5,000.00 loan. CAC then dismissed its suit against McCrory without prejudice. McCrory made no further payments to CAC.
In December 1981, CAC filed the instant suit for the accelerated balance due (as provided for in the note) on the $5,000.00 loan. McCrory admitted at trial that he signed the note. However, McCrory urged that CAC should have applied the $4,200.00 October payment first to the arrearages on the two notes and then applied the excess to future monthly installments, on each note, as they became due. Had CAC distributed the funds in this manner neither of >the notes would have been delinquent in December 1981.[1] McCrory also argued that he had purchased Hale’s equipment from CAC and, because the equipment he received was not the equipment described in CAC’s chattel mortgage, the sale should be rescinded.
When the $4,200.00 payment was made by McCrory in October 1980, both notes were past due. Each note contained acceleration clauses. CAC chose to apply the proceeds of McCrory’s check to pay off the $1,500.00 note and the remainder was applied to the $5,000.00 note. This left a balance due on this latter note which is the subject matter of this suit. We find no error in CAC’s distribution of the $4,200.00. It had the right to sue for the accelerated balance due. The trial judge correctly held that CAC was never the owner of the equipment but simply financed the purchase. We find no error in the trial court’s rendition of judgment for the accelerated balance due on the note in question.
For these reasons the judgment of the trial court is affirmed. All costs of this appeal are to be paid by James McCrory, defendant-appellant.
AFFIRMED.

. The $1,500.00 note called for 60 monthly payments of $84.88 and the $5,000.00 note was to be paid in 60 monthly installments of $138.80. Had CAC applied the funds as McCrory suggests, McCrory would have had a balance of $393.44 in his favor in December 1981.